IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVENTOR HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No._____ |
| | ) | |
| SEARS HOLDINGS CORPORATION and | ) | **JURY TRIAL DEMANDED** |
| SEARS HOLDINGS MANAGEMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

For its Complaint, Plaintiff Inventor Holdings, LLC ("Inventor Holdings"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1.      Inventor Holdings is a Delaware limited liability company with a place of business located at Two High Ridge Park, Stamford, Connecticut 06905.  Inventor Holdings is the current owner of patents developed by Walker Digital, LLC ("Walker Digital"), a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse Group, Inc.

2.      Defendant Sears Holdings Corporation is a Delaware corporation with, upon information and belief, a place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

3.      Defendant Sears Holdings Management Corporation is a Delaware corporation with, upon information and belief, a place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4.      Upon information and belief, Sears Holdings Management Corporation is a subsidiary of Sears Holdings Corporation.  Sears Holdings Management Corporation and Sears Holdings Corporation are collectively referred to herein as "Sears."

## JURISDICTION AND VENUE

5.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

6.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

7.      Upon information and belief, Sears conducts substantial business in this forum, directly or through intermediaries, including:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

8.      Venue is proper in this District pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

9.   On April 30, 2002, United States Patent No. 6,381,582 (the "'582 patent"), entitled "Method And System For Processing Payments For Remotely Purchased Goods" and listing Jay S. Walker and Andrew S. Van Luchene as inventors, was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").  A true and correct copy of the '582 patent is attached hereto as Exhibit A.

10.      Inventor Holdings is the assignee and owner of the right, title and interest in and to the '582 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## FACTUAL BACKGROUND

11.     Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property.  Walker Digital was comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.   Walker Digital's invention team has created a portfolio of more than 700 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.  The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.   As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

12.     Walker Digital invested large sums of money to develop the inventions of Mr. Walker and the team of innovators.  This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.  Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse Group, Inc. Revolutionary technologies, including the method and system for processing payments for remotely purchased goods claimed in the '582 patent, were a direct result of that investment.  In September 2013, Walker Digital assigned patents in its patent portfolio, including the '582 patent, to Inventor Holdings in connection with a corporate restructuring.  At that time, Inventor Holdings became a wholly-owned subsidiary of Patent Properties, Inc., which is a public company.  Walker Digital has a controlling interest in Patent Properties, Inc., and Jay Walker is

the Executive Chairman of Patent Properties, Inc.

13.     The '582 patent represents important advances in the field of remote payment processing.  The subject matter of the '582 patent includes, but is not limited to, allowing remote purchasers, including online shoppers, to place orders for remote goods and subsequently make payment at a local point of sale terminal.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,381,582

14.     Inventor Holdings repeats and realleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

15.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Sears has infringed and continues to infringe at least claim 25 of the '582 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, methods for a remote seller to process payment for the sale of goods, including but not limited to, Shop Online, Pay in Store.

16.     Inventor Holdings is entitled to recover from Sears the damages sustained by Inventor Holdings as a result of Sears's infringement of the '582 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Inventor Holdings hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Inventor Holdings requests that this Court enter judgment against Sears as follows:

A.     An adjudication that Sears has infringed the '582 patent;

B.      An award of damages to be paid by Sears adequate to compensate Inventor Holdings for Sears's past infringement of the '582 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Inventor Holdings' reasonable attorneys' fees; and

D.      An award to Inventor Holdings of such further relief at law or in equity as the Court deems just and proper.

Dated:  June 11, 2014                        STAMOULIS & WEINBLATT LLC

                                             */s/ Richard C. Weinblatt*
                                             Stamatios Stamoulis #4606
                                                 stamoulis@swdelaw.com
                                             Richard C. Weinblatt #5080
                                                 weinblatt@swdelaw.com
                                             Two Fox Point Centre
                                             6 Denny Road, Suite 307
                                             Wilmington, DE 19809
                                             Telephone:  (302) 999-1540

                                             *Attorneys for Plaintiff*
                                             *Inventor Holdings, LLC*